IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 1, 2023

**COREY ANDREW TATE v. ANDREA NICOLE JONES**

**Appeal from the Juvenile Court for Knox County**
**No. H-9246   Timothy E. Irwin, Judge**

_____

**No. E2022-01524-COA-R3-JV**

_____

This is an appeal by Father of a judgment rendered against him for child support. Because the final judgment does not provide adequate findings of fact and conclusions of law for this Court to conduct a proper review, we are unable to adequately address Father's issues on appeal. Therefore, we remand the case back to the trial court for the entry of a judgment compliant with Rule 52.01 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Sarah C. Easter and Catherine M. Harrington, Knoxville, Tennessee, for the appellant, Corey Andrew Tate.

H. Stephen Gillman and Mikaela M. Smith, Knoxville, Tennessee, for the appellee, Andrea Nicole Jones.

**MEMORANDUM OPINION[1]**

This case involves a petition to establish parentage, child support, and visitation rights that was filed by the Appellant Corey Tate ("Father") on June 22, 2016, in the Knox County Juvenile Court ("the Juvenile Court"). As is relevant to this appeal, Father presently

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

challenges the Juvenile Court's child support order concerning both his income and the income of the Appellee Andrea Jones ("Mother"), the mother of the child who is the subject of the support order. Regrettably, the Juvenile Court's judgment frustrates our ability to conduct proper appellate review.

This Court has previously discussed the importance of including findings of fact and conclusions of law in the court's written order pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure. *See In re Britton H-S.*, No. M2016-01576-COA-R3-JV, 2018 WL 1040945 (Tenn. Ct. App. Feb. 23, 2018); *see also Rogin v. Rogin*, No. W2012-01983-COA-R3-CV, 2013 WL 3486955 (Tenn. Ct. App. July 10, 2013). The inclusion of appropriate findings of fact and conclusions of law is not "a mere technicality" because "[w]ithout such findings of fact and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Here, the Juvenile Court's judgment lacks any findings of fact and conclusions of law that would assist this Court in attempting to understand its reasoning in reaching its decision in this case. Although we have found some brief discussion of relevant issues in a transcript transmitted as part of the record, even here, the Juvenile Court's reasoning is severely lacking. Moreover, we do not typically review a trial court's oral ruling unless it is incorporated by reference into the final decree. *In Re Britton H-S.*, 2018 WL 1040945, at *3. Here, the Juvenile Court did not incorporate its transcript into its final judgment.

However, as just alluded to, even if the transcript had been properly incorporated into the final judgment, we have determined that it does not provide adequate findings of fact and conclusions of law concerning the issues on appeal. For instance, although the transcript indicates that the Juvenile Court orally found Mother was underemployed for the years of 2016-2018,[2] but not 2019-2022, we cannot discern from our independent review of the transcript any reasoning underpinning the Juvenile Court's decision to either impute higher income to Mother for the years 2016-2018, or, having done so, its reasoning for why Mother was no longer considered underemployed as of 2019. The transcript features discussion outlining Mother's decision to leave a higher-paying job in 2016 for employment that garnered her a lower income, which certainly constitutes *a factor* supporting a finding of willful underemployment, but it is only one factor to be considered. *See generally* Tenn. Comp. R. & Regs. 1240-02-04-.04(3) (listing the factors for finding a parent willfully underemployed). However, the Juvenile Court does not discuss any new factor or change in circumstance to support the termination of Mother's underemployment in 2019, leaving this Court to largely speculate as to the reasons behind the Juvenile Court's decision. Simply put, in its present posture, the record does not contain an adequate

---

[2] In connection with our discussion of the Juvenile Court's judgment, we emphasize that Mother was not found willfully underemployed in its written order. As the Child Support Guidelines instruct, the court may impute additional income if "a parent has been determined by a tribunal to be willfully underemployed." Tenn. Comp. R. & Regs. 1240-02-04-.04(3).

explanation behind the decisions reached by the Juvenile Court.

Because this hinders our ability to adequately conduct appellate review, we hereby vacate the Juvenile Court's judgment and remand the case with instructions for the Juvenile Court to provide findings of fact and conclusions of law to explain its reasoning regarding its child support award in this case. We also acknowledge that "lives do not stand still during the appellate process," and as such, we authorize the Juvenile Court to hold further hearings on the matter, if necessary. *Canzoneri v. Burns*, No. M2020-01109-COA-R3-CV, 2021 WL 3399860, at *11 (citing *In re Neveah W.*, 525 S.W.3d 223, 252 (Tenn. Ct. App. 2017)).

## CONCLUSION

For the foregoing reasons, we vacate the Juvenile Court's child support order and remand for the entry of a judgment compliant with Rule 52.01 of Tennessee Rules of Civil Procedure.[3]

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[3] In light of our disposition on appeal, we respectfully decline Mother's request for appellate attorney's fees in this matter.